IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | | |
|---|---|---|
| MARVIN HOLLOWAY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | No. 2:17-cv-02594-TLP-tmp |
| | ) | |
| v. | ) | |
| | ) | |
| SHERIFF BILL OLDHAM and AMY WEIRICH, | ) ) | |
| | ) | |
| Defendants. | ) | |

**ORDER TO MODIFY THE DOCKET, DISMISSING COMPLAINT, CERTIFYING THAT AN APPEAL WOULD NOT BE TAKEN IN GOOD FAITH, AND DENYING LEAVE TO APPEAL IN FORMA PAUPERIS**

Plaintiff Marvin Holloway[1] sued, pro se, under 42 U.S.C. § 1983 and moved to proceed in forma pauperis. (Complaint ("Compl."), ECF No. 1; Motion ("Mot."), ECF No. 2.) Plaintiff's complaint concerns his previous incarceration at Shelby County Jail ("SCJ"). (Compl., ECF No. 1 at PageID 2.) The Court granted Plaintiff leave to proceed in forma pauperis and assessed the civil filing fee under the Prison Litigation Reform Act (PLRA), 28 U.S.C. §§ 1915(a)–(b). (Order, ECF No. 4.) The Court orders that the Clerk will record the

---

[1] Plaintiff is a prisoner of the Tennessee department of corrections, prisoner number 347478, and incarcerated at the Northwest Correctional Complex (NWCX) in Tiptonville, Tennessee. The docket lists Holloway's address as the Bledsoe County Correctional Complex in Pikeville, Tennessee. According to the TDOC website, Holloway now is incarcerated at the NWCX. The Court orders that the Clerk MODIFY the docket to reflect Plaintiff's current address.

Defendants as Bill Oldham, Sheriff of Shelby County, and Amy Weirich, District Attorney of Shelby County.[2]

## BACKGROUND

Plaintiff alleges that officers with the Shelby County Sheriff's Office (SCSO) wrongfully arrested him in 2016 and charged him with aggravated robbery and aggravated assault simultaneously in General Session Court and criminal court. (Compl., ECF No. 1 at PageID 2, 4.) He claims that the state dismissed the charges in General Sessions Court but then sent the same charges to a grand jury for an indictment in criminal court. (*Id.* at PageID 4.) Plaintiff objects to the affidavit of complaint and warrant, his attorney's representation, and the judge in his criminal-court case. (*Id.*) He also alleges that he suffered anxiety and depression and that he injured himself during an anxiety attack while in custody at SCJ. (*Id.*)

Plaintiff further claims that the Mississippi Department of Corrections has incarcerated him for seven years but that there has been a detainer from SCJ the entire time. (*Id.* at PageID 2.) Plaintiff contests the validity of documents filed in the Mississippi case, as well. (*Id.* at PageID 4.) He requests the Court to order his release from SCJ and "help with getting my life back on track." (*Id.* at PageID 3.)

## LEGAL STANDARDS

I. **Screening Requirements Under 28 U.S.C. § 1915A**

The Court is required to screen prisoner complaints and to dismiss any complaint, or any portion of it, if the complaint—

---

[2] In the complaint, Plaintiff describes Defendant Weirich as "Attorney General." Defendant Weirich is the District Attorney for Shelby County. *See* https://www.scdag.com/home/about-district-attorney-amy-weirich. The Court orders the Clerk to MODIFY the docket with this correction.

> (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or
>
> (2) seeks monetary relief from a defendant who is immune from such relief.

28 U.S.C. § 1915A(b); *see also* 28 U.S.C. § 1915(e)(2)(B).

As to step one, in assessing whether the complaint states a claim on which relief may be granted, the Court applies the standards under Federal Rule of Civil Procedure 12(b)(6), as stated in *Ashcroft v. Iqbal*, 556 U.S. 662, 677–79 (2009), and in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555–57 (2007). *Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010). Under those standards, the Court accepts the complaint's "well-pleaded" factual allegations as true and then determines whether the allegations "plausibly suggest an entitlement to relief." *Williams v. Curtin*, 631 F.3d 380, 383 (6th Cir. 2011) (quoting *Iqbal*, 556 U.S. at 681). Conclusory allegations "are not entitled to the assumption of truth" because they are not "factual" and legal conclusions "must be supported by factual allegations." *Iqbal*, 556 U.S. at 679. In addition, Federal Rule of Civil Procedure 8 provides guidance on this issue.

Even though Rule 8 only requires a complaint to contain "a short and plain statement of the claim showing that the pleader is entitled to relief," it also requires factual allegations to make a "'showing,' rather than a blanket assertion, of entitlement to relief." *Twombly*, 550 U.S. at 555 n.3.

Courts conducting the screening analysis will accord slightly more deference to pro se complaints than to those drafted by lawyers. "Pro se complaints are to be held 'to less stringent standards than formal pleadings drafted by lawyers,' and should therefore be liberally construed." *Williams*, 631 F.3d at 383 (quoting *Martin v. Overton*, 391 F.3d 710, 712 (6th Cir. 2004)). That said, pro se litigants are not exempt from the requirements of the Federal Rules of Civil Procedure. *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989); *see also Brown v.*

*Matauszak*, 415 F. App'x 608, 612, 613 (6th Cir. Jan. 31, 2011) (affirming dismissal of pro se complaint for failure to comply with "unique pleading requirements" and stating "a court cannot 'create a claim which [a plaintiff] has not spelled out in his pleading'" (quoting *Clark v. Nat'l Travelers Life Ins. Co.*, 518 F.2d 1167, 1169 (6th Cir. 1975))).

## II.     Requirements to State a Claim Under 42 U.S.C. § 1983

Plaintiff sued here under 42 U.S.C. § 1983. To state a claim under § 1983, a plaintiff must allege two elements: (1) a deprivation of rights secured by the "Constitution and laws" of the United States, and (2) that a defendant caused harm while acting under color of state law. *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 150 (1970). For his complaint to succeed, Plaintiff must satisfy these requirements.

## ANALYSIS

## I.     Plaintiff Fails to State a Claim for Relief

Plaintiff directs none of the allegations in his complaint at any named Defendant. He instead generally asserts deficiencies in his arrest, charges, and preliminary hearings. When a complaint fails to allege any action by a Defendant, it necessarily fails to "state a claim for relief that is plausible on its face." *Twombly*, 550 U.S. at 570. Plaintiff's complaint fails to state a claim against any Defendant in his or her individual capacity.

## II.     The Claims Against the Individual County Defendants in Their Official Capacities Fail to Allege the Presence of a Municipal Custom or Policy

Plaintiff's claims against Sheriff Oldham and District Attorney Weirich in their official capacities are claims against Shelby County. Courts cannot hold a local government such as a municipality or county liable "solely because it employs a tortfeasor—or, in other words, a municipality cannot be held liable under § 1983 on a *respondeat superior* theory." *Monell v. Dep't. of Soc. Serv.*, 436 U.S. 658, 691 (1978) (emphasis in original); *see also Searcy v. City of*

4

*Dayton*, 38 F.3d 282, 286 (6th Cir. 1994). Similarly, courts cannot hold a municipality responsible for a constitutional deprivation unless there is a direct causal link between a municipal policy or custom and the alleged constitutional deprivation. *Monell*, 436 U.S. at 691–92; *Deaton v. Montgomery Co., Ohio*, 989 F.2d 885, 889 (6th Cir. 1993).

To establish municipal liability, a plaintiff "must (1) identify the municipal policy or custom, (2) connect the policy to the municipality, and (3) show that his particular injury was incurred due to execution of that policy." *Alkire v. Irving*, 330 F.3d 802, 815 (6th Cir. 2003) (citing *Garner v. Memphis Police Dep't*, 8 F.3d 358, 364 (6th Cir. 1993)). With this in mind, "the touchstone of 'official policy' is designed 'to distinguish acts of the municipality from acts of employees of the municipality, and thereby make clear that municipal liability is limited to action for which the municipality is actually responsible.'" *City of St. Louis v. Praprotnik*, 485 U.S. 112, 138 (1988) (quoting *Pembaur v. Cincinnati*, 475 U.S. 469, 479–80 (1986)) (emphasis in original). Plaintiff here makes no allegations that he suffered an injury because of an unconstitutional policy or custom of Shelby County.

### III. The Court Cannot Enjoin Plaintiff's State Court Proceedings

Plaintiff requests that this Court intervene in his criminal proceedings in Tennessee and Mississippi and issue an injunction to stop them. The Court cannot do so.

Under the Anti-Injunction Act, 28 U.S.C. § 2283, "[a] court of the United States may not grant an injunction to stay proceedings in a State court except as expressly authorized by Act of Congress, or where necessary in aid of its jurisdiction, or to protect or effectuate its judgments." In effect, the Sixth Circuit has explained that "[t]he Act thereby creates 'an absolute prohibition against enjoining state court proceedings, unless the injunction falls within one of three specifically defined exceptions,' which are set forth in the statutory language." *Andreano v.*

*City of Westlake*, 136 F. App'x 865, 879–80 (6th Cir. 2005) (quoting *Atl. Coast Line R.R. Co. v. Bhd. of Locomotive Eng'rs*, 398 U.S. 281, 286 (1970)).

In the end, federal courts can issue injunctions against state criminal proceedings only "under extraordinary circumstances where the danger of irreparable loss is both great and immediate." *Younger v. Harris*, 401 U.S. 37, 45 (1971) (internal quotation marks and citation omitted). In fact, the Supreme Court has emphasized that

> [c]ertain types of injury, in particular, the cost, anxiety, and inconvenience of having to defend against a single criminal prosecution, could not by themselves be considered "irreparable" in the special legal sense of that term. Instead, the threat to the plaintiff's federally protected rights must be one that cannot be eliminated by his defense against a single criminal prosecution.

*Id.* at 46. Plaintiff alleges no extraordinary circumstances that would permit the Court to become involved in his state-court criminal matter.

Because Plaintiff is "challenging the very fact or duration of his physical imprisonment" or seeking "a determination that he is entitled to immediate release or a speedier release from that imprisonment," his remedy lies in state-court proceedings or, if he has exhausted those proceedings, a petition for a writ of habeas corpus. *See Preiser v. Rodriguez*, 411 U.S. 475, 499–500 & n.14 (1973).

What is more, Plaintiff's request for injunctive relief is moot because he is no longer incarcerated at SCJ. *See Moore v. Curtis*, 68 F. App'x 561, 562 (6th Cir. 2003) (claims for declaratory and injunctive relief against prison staff moot when inmate transferred to another facility); *Kensu v. Haigh*, 87 F.3d 172, 175 (6th Cir. 1996) (same); *Tramber v. Pleasant*, No. 4:12CV-P31-M, 2012 WL 4594339, at *5 (W.D. Ky. Oct. 2, 2012) (inmate's claim for a transfer and medical care moot when the state already transferred him to another facility).

For all the above reasons, Plaintiff's complaint fails to state a claim for relief and is dismissed.

## AMENDMENT UNDER THE PLRA

The Sixth Circuit has held that a district court may allow a prisoner to amend his complaint to avoid a *sua sponte* dismissal under the PLRA. *LaFountain v. Harry*, 716 F.3d 944, 951 (6th Cir. 2013); *see also Brown v. R.I.*, 511 F. App'x 4, 5 (1st Cir. 2013) (per curiam) ("Ordinarily, before dismissal for failure to state a claim is ordered, some form of notice and an opportunity to cure the deficiencies in the complaint must be afforded."). But courts are not required to grant leave to amend where an amendment cannot cure the deficiency. *Gonzalez-Gonzalez v. United States*, 257 F.3d 31, 37 (1st Cir. 2001) ("This does not mean, of course, that every *sua sponte* dismissal entered without prior notice to the plaintiff automatically must be reversed. If it is crystal clear that . . . amending the complaint would be futile, then a *sua sponte* dismissal may stand."); *Curley v. Perry*, 246 F.3d 1278, 1284 (10th Cir. 2001) ("We agree with the majority view that sua sponte dismissal of a meritless complaint that cannot be salvaged by amendment comports with due process and does not infringe the right of access to the courts."). For these reasons, this Court holds that leave to amend is not warranted here.

## APPELLATE ISSUES

The Court also considers whether it should allow Plaintiff to appeal this decision in forma pauperis if he seeks to do so. A non-prisoner desiring to proceed on appeal in forma pauperis must obtain pauper status under Federal Rule of Appellate Procedure 24(a). *See Callihan v. Schneider*, 178 F.3d 800, 803–04 (6th Cir. 1999). This rule provides that if the district court permits a party to proceed in forma pauperis in that court, he may also proceed on appeal in forma pauperis without further authorization unless the district court "certifies that the appeal is not taken in good faith or finds that the party is not otherwise entitled to proceed in forma

pauperis." That said, if the district court denies pauper status, the party may move to proceed in forma pauperis in the Court of Appeals. Fed. R. App. P. 24(a)(4)–(5).

The good faith standard is an objective one. *Coppedge v. United States*, 369 U.S. 438, 445 (1962). The test for whether a party appeals in good faith is if the litigant seeks appellate review of any issue that is not frivolous. *Id.* On that basis, it would be inconsistent for a district court to determine that a complaint should be dismissed before service on the defendants, but has sufficient merit to support an appeal in forma pauperis. *See Williams v. Kullman*, 722 F.2d 1048, 1050 n.1 (2d Cir. 1983). In the end, the same considerations that lead the Court to dismiss this case for failure to state a claim also support the conclusion that an appeal would not be taken in good faith.

This Court therefore CERTIFIES, under Federal Rule of Appellate Procedure 24(a), that any appeal in this matter by Plaintiff would not be taken in good faith. Leave to proceed on appeal in forma pauperis is, therefore, DENIED. And so if Plaintiff appeals, he must pay the full $505 appellate filing fee or move for leave to appeal in forma pauperis and file a supporting affidavit in the Sixth Circuit Court of Appeals. *See* Fed. R. App. P. 24(a)(5).

The Court also addresses the assessment of the $505 appellate filing fee if Plaintiff still appeals the dismissal of this case. A certification that an appeal is not taken in good faith does not affect an indigent prisoner plaintiff's ability to benefit from the installment procedures in § 1915(b). *See McGore v. Wrigglesworth*, 114 F.3d 601, 610–11 (6th Cir. 1997), *partially overruled on other grounds by LaFountain*, 716 F.3d at 951. *McGore* sets out specific procedures for implementing the PLRA, §§ 1915(a)–(b). The Court therefore instructs Plaintiff that, if he wishes to benefit from the installment procedures for paying the appellate filing fee, he must comply with the procedures set out in the PLRA and *McGore* by filing an updated in

forma pauperis affidavit and a current, certified copy of his inmate trust account for the six months immediately preceding the filing of the notice of appeal.

For analysis under 28 U.S.C. § 1915(g) of future filings, if any, by Plaintiff, this is the first dismissal of one of his cases as frivolous or for failure to state a claim. This strike will take effect when this Court enters judgment. *See Coleman v. Tollefson*, 135 S. Ct. 1759, 1763–64 (2015).

## **CONCLUSION**

In conclusion, the Court DISMISSES Plaintiff's complaint for failure to state a claim on which relief can be granted under 28 U.S.C. §§ 1915(e)(2)(B)(ii)–(iii) and 1915A(b)(1)–(2). And leave to amend the complaint is DENIED. The Court also CERTIFIES that any appeal in this matter would not be taken in good faith and DENIES Plaintiff leave to proceed in forma pauperis on appeal.

**SO ORDERED**, this 18th day of April, 2019.

      s/Thomas L. Parker
      THOMAS L. PARKER
      UNITED STATES DISTRICT JUDGE